**BICKELL et al. v. LEE, Comptroller of Florida.**

District Court, N. D. Florida.

Jan. 24, 1934.

Shutts & Bowen, of Miami, Fla., for plaintiffs.

Cary D. Landis, Atty. Gen., and Robert J. Pleus and J. V. Keen, Asst. Attys. Gen., for defendant.

Before BRYAN, Circuit Judge, and SHEPPARD and AKERMAN, District Judges.

SHEPPARD, District Judge.

The plaintiffs, who comprise two copartnerships and who are engaged in the business of stockbrokers, seek injunctive relief against the comptroller of the state of Florida by a bill to restrain the enforcement of the Stamp Tax Act (chapter 15787, Laws of Florida, 1931 (Ex. Sess.), on the ground that the same violates the Constitution of the United States (article 1, § 8, cl. 3) by laying an undue burden on interstate commerce, and that such enforcement of the act deprives plaintiffs of their property without due process of law (Amendment 14, § 1).

The act assailed levies a tax of 10 cents per $100, inter alia, upon "all sales, agreements to sell, or memoranda of sales or deliveries of, transfers of legal title to shares, or certificates of stock * * * whether made upon or shown by the books of the corporation, or by any assignment in blank, or by any delivery, or by any paper or agreement or memorandum or other evidence of transfer or sale * * *." Also, "promissory notes, non-negotiable notes, written obligations to pay money, * * * made, executed, delivered, sold, transferred, or assigned in the State of Florida * * *." Section 1.

While plaintiffs are not citizens of Florida, they maintain branch offices in the state through which they act as agents for their Florida customers in the capacity of commission brokers by making purchases and sales of stock on the New York Stock Exchange and on other exchanges outside of the state of Florida. The practice and procedure followed by the two firms in representing their customers on the stock exchanges is set out in extenso in the bill of complaint, and is that substantially followed by all stockbrokers. It is sufficiently disclosed by the bill that all purchases and sales of stock and the actual delivery is made in the state of New York, or other state in which the exchange is located, between the floor members or broker-

age firms who take part in such transactions simultaneously with full payment for the stock. The brokerage firm, acting as agent for its Florida customers, completes the transaction outside of the state of Florida. Prior to the completion of the transaction the only written documents passing between the brokerage firm and the customer in Florida are the written requests of the customer that the firm purchase or sell for his account, and copies of telegraphic communications from the New York office of the broker advising the customer that such requests have been complied with.

Defendant's motion to dismiss is upon general grounds: That the bill is without equity, plaintiffs having their remedy at law; that it is not alleged that each of the plaintiff brokerage firms will be damaged in an amount in excess of $3,000; that there is a misjoinder of causes of action and of parties plaintiff. After argument, counsel for plaintiffs were allowed to amend so as to sufficiently allege damages to each party in the jurisdictional amount.

■ The jurisdictional amount for each party plaintiff, and diversity of citizenship being properly averred, all questions of jurisdiction may be disposed of by our holding that plaintiffs' remedy at law is not plain, adequate, and complete. It is alleged in the bill that the payment of each tax under the act is a separate transaction and consequently the recovery of such payments at law would require a multiplicity of suits, and this alone, we conclude, is sufficient to give a court of equity jurisdiction.

■■ There is not merit in defendant's contention that there is a misjoinder of parties plaintiff or of causes of action. The joinder is clearly within the scope of Equity Rule 26 (28 USCA § 723), which allows a joinder where sufficient grounds appear for uniting the causes of action in order to promote the convenient administration of justice. That this ground for joinder applies to parties plaintiff as well as defendants is, it appears, well settled. See International Organization, etc., v. Red Jacket C. C., etc. (C. C. A.) 18 F.(2d) 839, and Shamrock Mfg. Co. v. Radio Corp. (C. C. A.) 37 F. (2d) 675.

■■ It is our opinion that all purchases and sales of stock by the plaintiff brokerage firms for their Florida customers, whether the stock is bought outright by the customer or upon a margin, are transactions entirely completed outside of the state of Florida and that any memoranda passing between the broker and the customer are not such documents as are subject to taxation in Florida. To hold such memoranda of sales made without the state to be subject to taxation would be giving the statute extraterritorial effect. People ex rel. Hatch v. Reardon, 110 App. Div. 821, 97 N. Y. S. 535. For a state to tax property beyond its jurisdiction is a taking of property without due process of law. Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 69 L. Ed. 1058, 42 A. L. R. 316; First Nat. Bank v. Maine, 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. 313.

■ However, where a sale is made of stock of a Florida corporation and a transfer made upon the books of the corporation in Florida, the state may properly tax the transfer as one made within the state. See People ex rel. Hatch v. Reardon, supra.

■ Although the point was not argued by counsel nor directly presented in the bill, the allegations of the bill disclose a transaction with reference to the marginal accounts of Florida customers with the brokers' agents in Florida. In view of this showing by the bill, even though not put in issue, we deem it advisable, as a cautionary suggestion, to decide once for all that such transactions are subject to the tax. The agreement which the customer is required to sign upon opening a marginal account is attached to the bill as an exhibit. It provides that any and all securities, commodities, and other property held by the broker for the account of the customer shall constitute collateral security for any and all of the obligations of the customer to the broker. Upon the execution of such an agreement and the deposit of security the broker advances a portion of the purchase price of the stocks which the customer wishes to buy on margin. This is clearly a loan of money or credit by the broker to the customer and is a transaction collateral to the purchase or sale of stock. The transaction takes place entirely in Florida and is similar to the execution of a collateral note to secure a loan from a bank. This collateral agreement may be subject to the tax in accordance with the amount of money loaned thereunder as it is a written obligation to pay money which is made, executed, and delivered in the state of Florida.

Interlocutory injunction will issue in conformity with the views here expressed.