POPE et al. v. BLANTON, County Judge, et al.

District Court, N. D. Florida.
July 13, 1934.

See, also, 10 F. Supp. 18.

Sutton, Tillman & Reeves, of Tampa, Fla., for plaintiffs.

Cary D. Landis, Atty. Gen., of the state of Florida, H. E. Carter and J. V. Keen, Asst. Attys. Gen., and William T. Hendry, of Perry, Fla., for defendants.

Before BRYAN, Circuit Judge, and AKERMAN and LONG, District Judges.

BRYAN, Circuit Judge.

It is provided by a Florida statute that it shall be unlawful for any person "to maintain and use for the purpose of catching or taking commercial sponges from the Gulf of Mexico, or the Straits of Florida or other waters within the territorial limits of the State of Florida, diving suits, helmets or other apparatus used by deep sea divers." Punishment for violation of the statute is fixed at a fine not exceeding $500 or imprisonment not exceeding one year, or both. Chapter 7389, Act of 1917, § 4, Comp. Gen. Laws, § 8087. Plaintiffs, some fifty-nine in number, have joined in a bill in equity by which they seek to enjoin the enforcement of that criminal statute in the waters of the Gulf of Mexico beyond a marine league from the mainland. They allege that they are citizens of Florida engaged in the sponge industry; that they have large investments in sponge boats and equipment; that each of them is the owner or captain of a sponge boat; that they gather the sponges which they sell from the waters of the Gulf of Mexico at distances of from 7 to 50 miles from the mainland of Florida, and, among other places, off the shore of Taylor county; that in carrying on their operations they employ the method known as diving, in which they use diving suits, helmets, and other apparatus used in deep sea diving; and that it is necessary for them to remain in their boats out at sea for long periods of time. They then charge that the defendant George Kokinos, a member of and acting for the United Sponge Hookers Association, has on numerous occasions sworn out warrants and caused the arrest of them, or some of them, at their great expense and loss of time, notwithstanding the fact that none of them have taken sponges within 3 miles from the shore of Taylor county; that six of the plaintiffs are under bond to await the action of the grand jury, and, unless enjoined, the state attorney will procure indictments and cause trials to be had before the judge of the circuit court. The defendants, besides Kokinos, are the county judge and the sheriff of Taylor county, the state attorney and the circuit judge for that county. For the future, Kokinos is sought to be enjoined from making affidavits, the county judge from issuing warrants, and the sheriff from making arrests. The state attorney and the circuit judge are sought to be enjoined from proceeding with the trial criminal cases now pending, and all the defendants from interfering with the plaintiffs, or any of them, in the future for taking sponges from the Gulf at distances of more than 3 miles from the Taylor county shore. The case is before us now on application for interlocutory injunction under 28 USCA § 380.

It is the contention of the plaintiffs that the jurisdiction of Florida over the waters of the Gulf of Mexico does not extend beyond 3 miles from the mainland, and, consequently, that it is no violation of the statute invoked against them to gather sponges beyond the 3-mile limit. Their ob-

jection of the jurisdiction assumed over them rests not upon the statute, which in general terms confines itself to the territorial limits of the state. It rests rather upon article 1 of the state Constitution, adopted February 25, 1868, and continued unchanged in the present Constitution of 1885, which undertakes to fix the boundary along the Gulf Coast at three leagues from the mainland. The argument is that by the Treaty of February 22, 1819 (8 Stat. 252), between the United States and Spain, Spain ceded to the United States all the territory "situated to the eastward of the Mississippi, known by the name of East and West Florida" (article 2), together with the adjacent islands, and that by the act of admission of Florida into the Union in 1845 (5 Stat. 742) the boundaries of the state and the territory included were described just as they were in the Treaty. In answer to this the defendants say that the Reconstruction Act of June 25, 1868 (15 Stat. 73), which referring to the State Constitution of 1868, declared that Florida had adopted a Constitution satisfactory to the Congress, and provided for the restoration of that state's representation in Congress, had the effect of approving, ratifying, and confirming the state boundary lines as set forth and claimed in that Constitution. The defendants say also that whether the state's boundary on the Gulf Coast is one league or three leagues is a political question which may not be tested in court by the individual citizen or citizens of the state. The question of the state's water boundaries is, of course, one of great importance, but in our opinion it is not properly presented for our consideration by this bill of injunction. It may be assumed that the plaintiffs have the right of joining in one suit to promote the convenient administration of justice and to avoid a multiplicity of suits. Bickell v. Lee (D. C.) 5 F. Supp. 720. Each plaintiff, however, must rely upon his own cause of action. The bill alleges not that all the plaintiffs, but only that some of them, have been interfered with in their sponging operations. Although there is a general allegation of irreparable damage, it is stated only as a conclusion and is not supported by specific allegations of fact. At most, according to the bill, only a 2-mile strip off the shore of Taylor county is here involved, since, as plaintiffs allege, they carry on their business at distances ranging from 7 to 50 miles off shore. That part of the Gulf off Taylor county is but a very small part of the waters from which plaintiffs take sponges, and they do not show that to be deprived of the use of it would seriously affect their business. It is not alleged that plaintiffs, or any of them, continuously use this particular 2-mile strip of water, or how often, or for what length of time during any year, they would of their own accord make use of it. Nor is it alleged that the plaintiffs are engaged in a joint enterprise or business, but it is consistent with the bill that each plaintiff is only interested in and concerned with the business done by his own boat. The plaintiffs therefore are not entitled to have the court take into consideration the value of all their boats and equipment used in the sponge industry as a basis for determining whether the damage done in a particular case is irreparable; but each plaintiff must be able to show that the damage to him individually is such as to call for the aid of a court of equity. The general rule is that criminal prosecutions may not be enjoined. An exception of this rule is recognized where rights of property are involved and the damages are irreparable; but even then it is unheard of to enjoin courts of another jurisdiction. We think this case falls within the general rule and is not governed by the exception to it. For all that appears from the bill, such of the plaintiffs as have any cause for complaint, by defending the criminal prosecutions or testing the question of jurisdiction by habeas corpus proceedings, have an adequate remedy at law.

The application for interlocutory injunction is denied.